IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **CRYSTAL BROWN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 20-02842-MSN-tmp |
| | ) |
| **BARTLETT OPERATOR, LLC,** | ) |
| | ) |
| Defendant. | ) |

_____

### ORDER GRANTING MOTION TO COMPEL
_____

Before the court is the defendant Bartlett Operator, LLC's Motion for Order to Show Cause, Motion to Compel against third party ASI/Advanced Services, Inc. ("ASI").[1] (ECF No. 22.) The Motion is filed unopposed. (Id. at 1.) ASI was served with a Civil Subpoena Duces Tecum seeking employment records of plaintiff Crystal Brown that they possess. (Id.) On December 20, 2021, the court granted Bartlett Operator's Motion for Order to Show Cause, giving ASI until January 3, 2022, to respond to the subpoena. (ECF No. 25.) ASI failed to respond. For the below reasons, Bartlett Operator's Motion to Compel is GRANTED.

I.   BACKGROUND

---

[1] This motion is before the undersigned for determination or report and recommendation as appropriate pursuant to an Order of Reference by the presiding district judge. (ECF No. 24.)

Plaintiff Crystal Brown filed a state court suit against Rainbow Rehabilitation and Healthcare Center, LLC, on November 18, 2019, seeking damages from an alleged slip and fall she suffered while a visiting patient at a healthcare center. (ECF No. 1 at 1.) Bartlett Operator was later substituted in as the proper defendant, having managed the relevant facility at the time of the alleged incident. (Id. at 2.) The case was later properly removed from state court to federal court on November 18, 2020. (ECF No. 1.)

On September 8, 2021, a subpoena duces tecum was issued by the court for a certified copy of Brown's employment records from a former employer, ASI. (ECF No. 22 at 1.) This subpoena was served on September 15, 2021, (ECF No. 22-2 at 2.) ASI was given until October 1, 2021, to produce the requested records. (Id.) No response was received, and the records were not produced. Bartlett Operator then filed the present motion on December 17, 2021, seeking production of the requested records, costs and attorney's fees related to the motion, sanctions against ASI, and for ASI to be held in civil contempt. (ECF No. 22 at 2.) The court entered an Order to Show Cause requiring a response to the motion, but none was received by the deadline.

## II.   ANALYSIS

Federal Rule of Civil Procedure Rule 45 governs the use of subpoenas in civil litigation. The Rule allows for subpoenas on nonparties that require the production of documents. Fed. R. Civ.

P. 45(1)(A)(iii). Any person "commanded to produce documents" by a subpoena may object "before the earlier of the time specified for compliance or 14 days after the subpoena is issued." Fed. R. Civ. P. 45(d)(2)(B). On motion or objection, a court may modify or quash a subpoena under certain conditions, such as where a subpoena imposes an undue burden or requires the production of privileged information. Fed. R. Civ. P. 45(d)(3)(A). A person who fails to respond to a subpoena "without adequate excuse" may be held in contempt by the court. Fed. R. Civ. P. 45(g).

ASI has not objected to the subpoena issued against them and has failed to respond in any way. The subpoena seeks the production of Brown's

> 1. Personnel File; 2. Employment application. 3. Pre-employment physical. 4. Attendance records. 5. Payroll records []. 6. Documents concerning any claim for workers' compensation benefits from July 2012 to October 2018. 7. Criminal background check, if any.

(ECF No. 22-1 at 6.) These are readily accessible employment records that do not represent an undue burden or implicate any privileged material on their face. Their production is unopposed by Brown. Any objection that ASI may have lodged has been forfeited by their failure to respond to both the subpoena and this court's Order to Show Cause. Due to ASI's now months-long silence and the reasonableness of the records sought, the court hereby GRANTS the Motion to Compel and ORDERS compliance with the subpoena in full. The requested records shall be produced within 10 days of the entry

of this order. Failure to comply may lead to civil contempt or further sanctions against ASI.[2]

### III. CONCLUSION

For the above reasons, the Motion to Compel is GRANTED and the court ORDERS compliance with the underlying subpoena duces tecum in full.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 4, 2022
Date

---

[2]The Rules Committee cautions that "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena[.]" Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment. The court heeds this advice and thus orders compliance with the subpoena in question but reserves the right to impose future sanctions including civil contempt upon ASI should their non-compliance continue.